Dennis Carlsen v. USA                    CV-04-81-B        05/07/04

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


**Dennis Carlsen**

    **v.**                                    Civil No. 04-81-B
                                         Opinion No. 2004 DNH 081
**United States of America**


## O R D E R

    Dennis Carlsen pleaded guilty to three violations of 18 U.S.C. § 922(g)(1) on February 28, 2002.  He was later sentenced to a prison term of 151 months under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  His appeal challenging his sentence on various grounds was rejected on October 31, 2002.  His petition for certiorari raising the same arguments was denied on March 6, 2003.  He has now filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth in this order, I deny his motion.


## ANALYSIS

### A.  Ground 1

    In determining that Carlsen was subject to the ACCA, I relied on a prior conviction for possession of a controlled

substance with intent to distribute.  Carlsen argues that I erred in relying on this conviction because the sentencing court lacked jurisdiction over the charge and his guilty plea was elicited in violation of state and federal law.  Carlsen is not entitled to use the current proceeding to collaterally attack his state court convictions.  See Daniels v. United States, 532 U.S. 374 (2001).  Accordingly, I reject this ground for relief.[1]

## B.    Ground 2

Carlsen asserts two grounds for relief under this heading.  He first claims that I erred in using a conviction for assault by means of a dangerous weapon to enhance his sentence.  He argues that I could not consider this conviction to enhance his sentence because the government did not give him notice of its intention to rely on the conviction before he pleaded guilty.  Carlsen litigated and lost this argument on direct appeal.  He cites no new facts or legal arguments that warrant a reexamination of this ruling.  Accordingly, he may not use this argument in seeking relief under § 2255.  See Argencourt v. United States, 78 F.3d. 14, 16 n.1 (1st Cir. 1996).

---

[1]  Carlsen may seek reconsideration of this Order if he succeeds in having the conviction vacated.

Carlsen also argues that his attorney was ineffective because he failed to consult with Carlsen before he rejected an offer at the sentencing hearing to allow Carlsen to withdraw his guilty pleas. To establish an ineffective assistance of counsel claim, Carlsen must demonstrate "(1) that 'counsel's representation fell below an objective standard of reasonableness' and (2) 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Mello v. DiPaulo, 295 F.3d 137, 142 (1st Cir. 2002) quoting Strickland v. Washington, 466 U.S. 668, 688 (1984). Carlsen cannot satisfy either requirement.

Counsel's behavior was not unreasonable because, given the overwhelming evidence of Carlsen's guilt on the underlying charges, no rational person would have accepted the offer, making consultation between Carlsen and his counsel on the offer unnecessary. For the same reason, counsel's failure to consult with Carlsen did not prejudice Carlsen. Accordingly, I reject both arguments.

## C.   Grounds 3 and 6

Carlsen claims that his counsel was ineffective because he failed to produce evidence at the sentencing hearing that would

have caused me to treat two of his prior burglary convictions as a single conviction for sentencing purposes. He also argues that I erred in refusing to treat the two convictions as a single offense. The short answer to these arguments is that I did not count the burglary convictions as two distinct, separate offenses when sentencing Carlsen. Thus, his first argument is moot and his second argument is based upon a mistaken factual premise. Accordingly, I reject Ground 3 and 6.

## D.    Ground 4

Carlsen next argues that I erred in failing to look behind the burglary convictions in determining whether either conviction could be considered a crime of violence under the ACCA. He asserts that the burglary convictions do not qualify as crimes of violence because both burglaries involved "a seasonal remote campground, located in a wilderness area far from human habitation" and Carlsen entered the building "in the dead of winter, in snowed conditions granting no vehicle access." I reject this argument for two related reasons. First, it would require me to look beyond the statute on which the burglary convictions are based, which, under the circumstances of this case, is contrary to the categorical approach that Supreme Court

precedent requires.  See, e.g., <u>Taylor v. United States</u>, 495 U.S. 575, 599 (1990).  Second, Carlsen would not be entitled to relief even if I were to adopt his suggested approach to the issue because the facts he cites in his petition qualify the burglaries as crimes of violence.  <u>See</u> <u>id.</u> at 597 (ACCA's reference to burglary includes burglaries of unoccupied buildings).  Accordingly, I reject Ground 4.

**E.    <u>Grounds 5 and 10</u>**

In Grounds 5 and 10, Carlsen asserts generalized claims that his counsel was ineffective.  Construing these claims generously, he asserts that his counsel merely put on a show of effective representation while constantly urging him to cooperate with the government.  This is not the unusual case in which an ineffective assistance of counsel claim can be maintained without making specific inquiries into counsel's actual performance and the prejudice that results.  Carlsen's generalized expressions of dissatisfaction with his counsel's performance will not support an ineffective assistance of counsel claim.  <u>See</u> <u>United States v. Cronic</u>, 466 U.S. 648, 659 n.2 (1984).  Accordingly, I also reject Grounds 5 and 10.

**F. Ground 7**

Carlsen argues in Ground 7 that the court erred in assigning him one point for a shoplifting conviction. He does not explain why this determination was erroneous. More important, the alleged error cannot be a basis for relief under § 2255 because I determined his criminal history category on the basis of his status as an armed career criminal rather than on the criminal history points that otherwise would have been attributed to him under the sentencing guidelines. Accordingly, I reject this ground for relief.

**G. Grounds 8 and 9**

Carlsen claims that he is actually innocent of being an armed career criminal because the convictions that I used to determine his eligibility for an ACCA adjustment are either invalid or are uncountable. As I have already explained, Carlsen's challenges to the convictions that I used to determine his status under the ACCA are meritless.

Carlsen also claims that he is actually innocent of the § 922(g)(1) violations to which he pleaded guilty. I reject this ground for relief because Carlsen waived any right to challenge the sufficiency of the evidence supporting his guilt of these

charges when he pleaded guilty. See United States v. Cruz-Rivera, 357 F.3d 10, 14 (1st Cir. 2004); United States v. Bahhur, 200 F.3d 917, 923 (6th Cir. 2000). Accordingly, I reject Grounds 8 and 9.

## CONCLUSION

For the reasons set forth in this order, Carlsen's § 2255 motion is denied.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

May 7, 2004

cc: Dennis Carlsen, pro se
Peter Papps, Esq.